UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

SEAN GOMEZ,

       Plaintiff,                      **COMPLAINT**

                                      **Jury Trial Demanded**

v.

THE CITY OF NEW YORK,

DETECTIVE JOHN DOE #1,

DETECTIVE JOHN DOE #2, and

POLICE OFFICERS JOHN DOES #3-10,
       Defendants.

_____X

Plaintiff, SEAN GOMEZ, by his attorneys, KEITH WHITE, PLLC., complaining of the defendants, The CITY OF NEW YORK, DETECTIVE JOHN DOE #1, DETECTIVE JOHN DOE #2 and POLICE OFFICER JOHN DOES #3-10, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, SEAN GOMEZ seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as well as State law. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Staten Island, New York, which is within this District.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. Plaintiff Sean Gomez is a resident of Staten Island, New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

8. Defendants Detective John Doe #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant Detective John Doe #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Detective John Doe #2, was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant Detective John Doe #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Police Officers John Does #3-10 were at all times relevant herein a duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant Police Officers John

Does #3-10 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, was acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacity.

## FACTUAL ALLEGATIONS

11. On November 4, 2023, at approximately 6:30 PM, Plaintiff Sean Gomez was standing outside his father's store, located at 413 Jersey Street, Staten Island, New York.

12. Plaintiff was on his cellular phone and leaning against the wall of the store when he noticed commotion down the block involving individuals arguing near a car.

13. As Plaintiff attempted to enter his father's store, he was approached by an unmarked vehicle. Detective John Doe #2 was in the vehicle and aggressively asked Plaintiff, "Do we have a problem?"

14. Plaintiff, feeling uncomfortable, turned to enter the store. Before he could fully enter, he was tackled from behind by Detective John Doe #1.

15. Plaintiff was thrown to the ground by Detective John Doe #1, where multiple officers, including Detective John Doe #1, Detective John Doe #2 and Police Officers John Does #3-10, punched, kicked, and stepped on him.

16. Plaintiff did not resist and repeatedly stated that he was not resisting and asked for his father. Despite his compliance, officers continued to use excessive force.

17. Plaintiff was handcuffed, searched, and transported to the 120th Precinct. During the search, officers removed Plaintiff's personal belongings, including his phone, money, and headphones.

18. Plaintiff was charged with possession of an illegal firearm, despite the lack of probable cause or evidence to support the charge.

19. Plaintiff was held overnight at the 120th precinct and subsequently transported to Rikers Island, where he remained for three days until his family posted bail.

20. On November 21, 2023, all charges against Plaintiff were dismissed in the interest of justice.

21. As a result of Defendants' actions, Plaintiff suffered physical injuries, including injuries to his ribs, arms, and legs, as well as emotional and psychological trauma.

22. Plaintiff was denied adequate medical care while in custody, receiving only minimal treatment despite requesting medical attention multiple times.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Excessive Force (42 U.S.C. § 1983)

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

24. Defendants, acting under color of state law, used excessive and unreasonable force against Plaintiff, in violation of his Fourth and Fourteenth Amendment rights.

25. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical injuries, emotional distress, and other damages.

## SECOND CAUSE OF ACTION
## False Arrest and Imprisonment (42 U.S.C. § 1983 and New York State Law)

26. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

28. At all times during the events described above defendants lacked probable cause to charge plaintiff with criminal conduct.

29. All of the aforementioned acts of defendants were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

32. The acts complained of deprived plaintiff of his rights:

    i. To be free from false arrest;
    ii. To be free from unwarranted and malicious criminal prosecution;
    iii. To receive a fair trial; and
    iv. To be free from deprivation of liberty without due process of law.

## THIRD CAUSE OF ACTION
## Assault and Battery (New York State Law)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

34. Defendants intentionally and unlawfully used physical force against Plaintiff, causing him to fear imminent harm and suffer physical injuries.

35. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical and emotional injuries.

## FOURTH CAUSE OF ACTION
### Failure to Provide Medical Care (42 U.S.C. § 1983)

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

37. Defendants acted with deliberate indifference to Plaintiff's serious medical needs by failing to provide adequate medical care while he was in custody, in violation of his Fourteenth Amendment rights.

38. As a direct and proximate result of Defendants' actions, Plaintiff suffered physical and emotional injuries.

## FIFTH CAUSE OF ACTION
### Malicious Prosecution (42 U.S.C. § 1983 and New York State Law)

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

40. Defendants initiated criminal proceedings against Plaintiff without probable cause and with malice, resulting in the deprivation of Plaintiff's liberty.

41. The criminal proceedings terminated in Plaintiff's favor when the charges were dismissed in the interest of justice.

42. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, reputational harm, and other damages.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress (New York State Law)

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

44. Defendants' conduct was extreme, outrageous, and intended to cause, or recklessly disregarded the likelihood of causing, severe emotional distress to Plaintiff.

45. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe emotional distress and other damages.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

46. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

47. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

48. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

49. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

50. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

51. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sean Gomez respectfully requests that this Court enter judgment against Defendants as follows:

a. Awarding compensatory damages in an amount to be determined at trial;

b. Awarding punitive damages against the individual Defendants;

c. Awarding attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

d. Awarding pre- and post-judgment interest; and

e. Granting such other and further relief as the Court deems just and proper.

Dated: 03/14/2025
      Brooklyn, NY

                                                By:      __*/s/keith white*__
                                                         Keith White, Esq.
                                                         *Attorney for Plaintiff*
                                                         *Sean Gomez*
                                                         396 Waverly Avenue
                                                         Brooklyn, NY 11238
                                                         keith@keithwhitelaw.com